**Edward BANYAI and Judith Zinn, on behalf of themselves and a class of similarly situated individuals, Plaintiff,**

v.

**Jay MAZUR, Ronald Alman, Edgar Romney, and the International Ladies Garment Workers' Union, the ILGWU Death Benefit Fund, and the 21st Century ILGWU Heritage Fund, Defendants.**

No. 00 Civ. 9806(SHS).

United States District Court,
S.D. New York.

Jan. 8, 2002.

David S. Preminger, Rosen, Preminger & Bloom, New York City, Marc I. Machiz, Cohen, Milstein, Hausgeld & Toll, P.L.L.C., Washington, DC, for plaintiffs.

Ronald E. Richman, Holly H. Weiss, Schulte, Roth & Zabel, L.L.P., New York City, for defendants.

## OPINION & ORDER

STEIN, District Judge.

Edward Banyai and Judith Zinn bring this action on behalf of themselves and those similarly situated alleging that defendants violated various provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1000 *et seq.* ("ERISA"), by breaching their fiduciary duty to manage plan assets by terminating the ILGWU Death Benefit Fund ("First Fund") and transferring $77.5 million of its assets to the International Ladies' Garment Workers' Union ("ILGWU") which subsequently transferred $12.5 million of the sums it received to the 21st Century ILGWU Heritage Fund. Edward Banyai and Judith Zinn have now moved for class certification pursuant to Fed.R.Civ.P. 23. For the reasons set forth below, plaintiffs satisfy the prerequisites of Fed.R.Civ.P. 23(a) and have established that a class action is maintainable pursuant to Fed.R.Civ.P. 23(b). Accordingly, the motion is granted and the class certified.

## BACKGROUND

Plaintiff Edward Banyai is a retired officer of Local 107 of the ILGWU. (Second Am. Compl. ¶ 5 ("Compl.").) Judith Zinn is the wife and beneficiary of Harris Zinn, also a retired Local ILGWU officer. (*Id.* ¶ 6.) The individual defendants, Jay Mazur, Ronald Alman, and Edgar Romney are the trustees of the ILGWU Death Benefit Fund ("Fund"). (*Id.* ¶¶ 7–9.) The Fund is an employee welfare benefit fund within the meaning of 29 U.S.C. § 1002(1) and thus comes within the ambit of ERISA. (*Id.* ¶¶ 1, 12.)

The First Fund was established in approximately 1937 to provide a modest death benefit to ILGWU members' beneficiaries. (*Id.* ¶ 21.) The "Rules and Regulations" governing the First Fund, as found in the ILGWU 1937 Constitution, sanctioned withdrawals for the payment of death benefits and administrative costs only. (*Id.*) Over the years the First Fund underwent various incarnations. With each change, however, the language prohibiting any withdrawals except for benefits and administrative costs survived. (*Id.* ¶¶ 21–25.) In 1965, the First Fund, pursuant to the ILGWU Constitution, was made an irrevocable trust. (*Id.* ¶¶ 26–28.) Thereafter, a 1976 amendment to the ILGWU Constitution provided that the First Fund could be terminated by the General Executive Board of the ILGWU. (*Id.* ¶ 30.)

In 1995, the ILGWU merged with the Amalgamated Clothing and Textile Workers Union, forming the Union of Needletrades Industrial and Textile Employees ("UNITE!"). (Bernstein Aff. ¶ 4.)

In December 1997, the General Executive Board of the ILGWU terminated the First Fund, the bulk of the assets went into the ILGWU Death Benefit Fund and $77.5 million was disbursed to the ILGWU itself. (*Id.* ¶ 32.) The ILGWU Death Benefit Fund is identical in nearly every way to the First Fund in that it has "the same name, trustees, plan administrator, participants, beneficiaries, purpose, and benefits." (*Id.*) Approximately $12.5 million of the $77.5 million transferred to the ILGWU was subsequently transferred to the 21st Century ILGWU Heritage Fund, a not-for-profit corporation. (*Id.* ¶¶ 11, 33.)

Plaintiffs allege violations of ERISA sections 403, 404, and 406 contending that the purported termination of the First Fund was a sham, ineffective, and inconsistent with the First Fund's governing documents. (*Id.* ¶¶ 1, 35–50.) Further, plaintiffs contend that the 21st Century ILGWU Heritage Fund participated in the alleged ERISA violations by knowingly accepting the transfer of monies from the First Fund. (*Id.* ¶¶ 45–46.)

Defendants contend that the termination of the First Fund was lawful and beneficial to ILGWU members in that the $77.5 million that was transferred to the ILGWU were surplus funds and were used to strengthen organizational and strike funds, to promote charitable interests, and to eliminate all forms of discrimination, among other goals. (Bernstein Aff. ¶¶ 11, 14, 17.) Defendants further contend that the Fund is still presently overfunded between $70 and $80 million. (*Id.* ¶ 11.) Defendants assert that plaintiffs brought this suit for the sole purpose of coercing the ILGWU into using Fund assets to secure their retiree medical benefits which had been reduced in 1999. (*Id.* ¶¶ 18–22.)

## DISCUSSION

Edward Banyai and Judith Zinn seek certification of the following class:

> All persons who were participants or beneficiaries of the Fund on the date this action was commenced, or who became participants or beneficiaries of the Fund prior to the final termination of this action (the "class"). Excluded from the class are the defendants.[1]
>
> (Compl. ¶ 13.)

To succeed on this class certification motion, Edward Banyai and Judith Zinn must first establish that they meet the prerequisites of a class action pursuant to Rule 23(a) and then establish that the class action is maintainable pursuant to Rule 23(b).

### A. Rule 23(a): Prerequisites to a Class Action.

Plaintiffs bear the burden of establishing that they meet the prerequisites to a class action as set forth in Fed.R.Civ.P. 23(a) which provides as follows:

> One or more members of a class may sue or be sued as a representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative

---

1. The term "Fund" in plaintiffs' request for class certification encompasses both the "First Fund" and the ILGWU Death Benefit Fund as defined in this Opinion and Order.

parties will fairly and adequately protect the interests of the class.

In evaluating plaintiffs' motion, a district court must accept as true the substantive allegations in the complaint—in this action, the second amended complaint—and does not conduct even a preliminary inquiry into the merits of the case. The court does, however, rigorously analyze the conditions of Rule 23(a). *See Caridad v. Metro–North Commuter R.R.*, 191 F.3d 283, 291 (2d Cir.1999); *Saddle Rock Partners, Ltd. v. Hiatt*, No. 96 Civ. 9474, 2000 WL 1182793, at *2 (S.D.N.Y. Aug. 21, 2000). In addition, the court may look outside the pleadings for the proof necessary for class certification. *General Tel. Co. v. Falcon*, 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982).

Each prerequisite will be examined in turn.

### 1. *Numerosity*

■ To establish that a "class is so numerous that joinder of all members is impracticable," a plaintiff need not show that joinder is impossible. *See* Fed.R.Civ.P. 23(a). *See also Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir.1993); *Saddle Rock Partners*, 2000 WL 1182793, at *2. Nor need the plaintiff know the exact number of class members. *Robidoux*, 987 F.2d at 935. Instead, numerosity depends upon "examination of the specific facts of each case and imposes no absolute limitations." *General Tel. Co. v. E.E.O.C.*, 446 U.S. 318, 330, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980). Certification is appropriate where the number of class members is sufficiently large so that joinder of all members would make litigation needlessly complicated and inefficient. *Saddle Rock Partners*, 2000 WL 1182793, at *2.

■ In this case plaintiffs estimate that the beneficiaries and participants of the Fund number in excess of 100,000. (Compl. ¶ 14.) Defendants approximate the Fund participants to be 132,000. (Bernstein Aff. ¶ 9.) The class is thus "so numerous that joinder of all members is impracticable" and certification is warranted in regard to the prerequisite of numerosity. Fed.R.Civ.P. 23(a).

### 2. *Commonality*

■ The second prerequisite, known as commonality, is that there be "questions of law or fact common to the class." *Id.* Commonality is established if the plaintiffs' and class members' grievances share a common question of law or fact. *See, e.g., Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir.1997); *Saddle Rock Partners*, 2000 WL 1182793, at *3; *In re Painewebber Ltd. Partnerships Litig.*, 171 F.R.D. 104, 123 (S.D.N.Y.1997). Commonality is the underpinning of the class action device in that it permits economical litigation by saving the resources of both the court and the parties. *Falcon*, 457 U.S. at 155, 102 S.Ct. 2364.

■ Defendants do not contest that the class members share several common questions of law and fact. Plaintiffs allege ERISA violations by a breach of fiduciary duty evidenced by the termination of the Fund and the transfer of $77.5 million in its assets to the ILGWU. In general, the question of defendants' liability for ERISA violations is common to all class members because a breach of a fiduciary duty affects all participants and beneficiaries. *See Gruby v. Brady*, 838 F.Supp. 820, 828 (S.D.N.Y.1993).

The commonality requirement is met here because the named plaintiffs' claims arise from the same course of conduct and are based on the same legal theories as all the class members. Common questions of law and fact include: (1) whether the transfer of money from the Fund to the ILGWU violated the fiduciary provisions of ERISA, and the exclusive purpose provision of section 403 of ERISA; (2) whether the plan documents and instruments governing the Fund permitted transfer of plan assets to the ILGWU which occurred on or after January 1, 1998, or permitted amendments authorizing those transfers; (3) whether the Fund terminated within the meaning of section 403 of ERISA. (Compl. ¶ 17.)

### 3. *Typicality*

■ The third prerequisite to a class action, known as typicality, is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed.R.Civ.P. 23(a). Typicality is established

where the plaintiff shows that "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Marisol A.*, 126 F.3d at 376 (quoting *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir.1992)). It is axiomatic that the "class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Falcon*, 457 U.S. at 156, 102 S.Ct. 2364 (internal quotations and citations omitted). Defendants contend that neither Edward Banyai nor Judith Zinn is a member of the class. Each class representative will be discussed in turn.

### a. *Edward Banyai*

Edward Banyai contends that he is like other members of the class in that he is a participant in the Fund, and thus, is typical because he must advance similar legal positions to establish defendants' liability.

Defendants contend that Edward Banyai is both atypical and inadequate. They argue that Banyai lacks standing to bring this action because he is no longer a participant in the Fund, having forfeited his membership rights. Defendants' argument is grounded in the ILGWU and UNITE! constitutions which provide that "[a]ny member who: (i) becomes an employer or representative or employers in an industry; or (ii) engages in any occupation in which he or she has the right to hire or fire workers or to recommend hiring or firing ... is deemed to have withdrawn from membership and to have lost all membership rights and privileges." (Machiz Decl. Ex. E.) Defendants contend that Banyai became an employer with the ability to hire and fire workers subsequent to his retirement as an officer of a Local ILWGU.

On the basis of the record developed so far, there is no proof that either Banyai was an employer or that he hired and fired workers. Subsequent to retirement, Banyai became an officer in two limited liability companies, first in EDEC Enterprises, L.L.C. and then in JEDDCO, L.L.C., both family businesses that renovated properties. (Banyai Decl. ¶¶ 6–8.) Both companies used independent contractors, had no employees, and nei-

ther company ever had a payroll. (*Id.*) JEDDCO, the surviving company, passed a resolution at the time of its incorporation expressly prohibiting the hiring of employees. (*Id.* ¶ 8 and Ex. D.) JEDDCO's tax returns, from its inception in 1995 to 2000, demonstrate that no salaries or wages were ever paid by the company. (*Id.* ¶ 10 and Exs. F–K.)

Absent proof to the contrary, Edward Banyai is a typical class member in that he has standing to pursue this action because he is a Fund participant.

### b. *Judith Zinn*

Judith Zinn also contends that she is a typical class member because she is a beneficiary of the Fund and must advance similar legal arguments to prove defendants' liability. Defendants' objection to Judith Zinn as a class representative, although not clearly articulated, appears to be that Zinn is not typical because she did not become a beneficiary of the Fund until after the original complaint was filed. Zinn is, however, a typical class member because she is a beneficiary of the Fund at the time of certification of the class, which is the point in time at which typicality is to be determined. *See Sosna v. Iowa*, 419 U.S. 393, 403, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975).

### 4. *Adequacy*

■ The last prerequisite to a class action is whether the representative parties "will fairly and adequately protect the interests of the class," known as the adequacy requirement. Fed.R.Civ.P. 23(a). That determination requires a two pronged inquiry: (1) class counsel must be "qualified, experienced, and generally able to conduct the litigation;" and (2) class members must not have antagonistic interests to one another. *Drexel Burnham*, 960 F.2d at 291.

■ Edward Banyai and Judith Zinn appear to be determined and able to prosecute this action. Defendants contend, however, that both Banyai and Zinn are inadequate representatives because they are using the class device improperly, in that, according to defendants, plaintiffs' true concern, and the reason for this litigation, is to force the ILG-

WU to provide for medical benefits for retirees. Also, defendants contend that the class members have antagonistic interests to one another because if the action is successful and the money is returned to the Fund, the majority of members will actually lose benefits where Banyai's and Zinn's benefits will remain unaffected.

The requirement of adequacy is met for the following reasons: First, defendants' surmise as to plaintiffs' motives for this lawsuit is speculative at best. Speculation on defendants' part does not serve to defeat certification. *Savino v. Computer Credit, Inc.,* 173 F.R.D. 346, 353 (E.D.N.Y.1997). Second, the fact that some class members are not troubled by the alleged ERISA violations does not thwart certification. *See Norwalk C.O.R.E. v. Norwalk Redevelopment Agency,* 395 F.2d 920, 937 (2d Cir.1968); *Wilder v. Bernstein,* 499 F.Supp. 980, 993 (S.D.N.Y. 1980). All participants and beneficiaries of the Fund are aligned in seeking relief to remedy defendants' alleged breach of fiduciary duty. Any recovery in this action goes to the Fund and as such, the class must include all participants and beneficiaries. *Gruby,* 838 F.Supp. at 827.

As Edward Banyai and Judith Zinn do not have antagonistic interests to the class, this Court finds them both to be adequate representatives for the class.

The Court is satisfied that the firms of Rosen, Preminger & Bloom and Cohen, Milstein, Hausfeld & Toll, P.L.L.C. have sufficient experience with ERISA litigations to represent the interests of the class adequately and fairly, and, in any event, defendants do not contest that aspect of the adequacy requirement.

### B. Rule 23(b): Class Actions Maintainable.

Having met the prerequisites to a class action pursuant to Fed.R.Civ.P. 23(a), plaintiffs must also show that they meet one of the subdivisions of Fed.R.Civ.P. 23(b) in order to maintain the class action. Plaintiffs assert that either Rule 23(b)(1) or (b)(2) is satisfied here. The Court need only find that the class action is maintainable pursuant to one subdivision of Rule 23(b). *See Koch v.*

*Dwyer,* No. 98 Civ. 5519, 2001 WL 289972, at *4 n. 2 (S.D.N.Y. Mar. 23, 2001); *Gruby,* 838 F.Supp. at 828 n. 9.

Class actions are generally well-suited to litigation brought pursuant to ERISA. *See Koch,* 2001 WL 289972, at *4. In fact, the Advisory Committee for the Federal Rules of Civil Procedure intended Rule 23(b)(1)(B) to apply to an action, predicated upon a breach of trust by a trustee or other fiduciary, which affects the members of a large class of beneficiaries and who seek to remedy the breach by restoration of the trust. *See* Fed.R.Civ.P. 23(b)(1)(B) advisory committee's note to 1966 amendment.

Federal Rule of Civil Procedure 23(b)(1)(B) provides that class certification is proper where "the prosecution of separate actions by or against individual members of the class would create a risk of ... adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests." Because plaintiffs, as a Fund participant and a Fund beneficiary, seek to remedy an alleged breach of fiduciary duty, and because any recovery here would benefit the Fund as a whole, the Court finds that there is a risk that separate prosecutions by individual Fund participants or beneficiaries would be dispositive of the interests of other members not parties to those prosecutions. Thus, class certification is proper under Fed.R.Civ.P. 23(b)(1)(B).

### CONCLUSION

Because plaintiffs have satisfied the prerequisites of Rule 23(a) and have established that the class action is maintainable pursuant to Rule 23(b), plaintiffs' motion for class certification pursuant to Fed.R.Civ.P. 23 is granted.